# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JOSE ANGEL GARCIA                          :
17643 Amity Drive                          :
Gaithersburg, Maryland 20877               :   Civil Action No.
                                           :
JOSE MARGARITO REYES FLORES                :
14 Wade Court                              :
Gaithersburg, Maryland 20878               :
                                           :
     Plaintiffs,                          :
                                           :
v.                                         :
                                           :
PROFESSIONAL HOME                          :
SOLUTIONS, LLC                             :
1702 Summit Place, NW                      :
Suite 101                                  :
Washington, DC 20009                       :
                                           :
     Serve:  Registered Agent:         :
                Brandon Glen Molitor          :
                1702 Summit Place, NW         :
                Suite 101                     :
                Washington, DC 20009          :
                                           :
BRANDON GLEN MOLITOR                       :
1702 Summit Place, NW                      :
Suite 101                                  :
Washington, DC 20009                       :
                                           :
     Defendants.                          :

## **COMPLAINT**

Plaintiff, Jose Angel Garcia and Jose Margarito Reyes Flores ("Plaintiffs"), by and through their attorneys, Mary Craine Lombardo, Eduardo S. Garcia and Stein Sperling Bennett De Jong Driscoll PC, hereby file their Complaint against Defendants Professional Home Solutions, LLC and Brandon Glen Molitor (collectively "Defendants"), under the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. ST § 32-1301, *et seq.*, the Fair Labor

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4957900_1

Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the D.C. Wage Revision Act ("DCMWRA"), D.C. ST §32-1003, *et seq.*, stating as follows:

## INTRODUCTION

Plaintiffs worked for Defendants as laborers. Plaintiffs were paid at the same hourly rate for all hours worked. Plaintiffs worked approximately fifty-five hours per week and were not paid at the overtime rate of one and a half times their regular hourly rates as required by D.C. and federal law. Defendants also failed to compensate Plaintiffs altogether for several weeks of work. Defendants have willfully violated the clear and well-established straight time provisions of the DCWPCL and the overtime provisions of the FLSA, the DCMWRA, and the DCWPCL. Plaintiffs seek compensatory and statutory damages for all unpaid straight time and overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiffs are adult residents of Maryland.

4. Defendant Professional Home Solutions, LLC ("Professional Home") is a District of Columbia corporation.

5. Defendant Brandon Glen Molitor is the principal of Professional Home.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

2

4957900_1

7. Each Defendant is an "employer" within the meaning of the FLSA, the DCMWRA, and the DCWPCL.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Brandon Glen Molitor controlled the day to day operations of the restaurant.

11. Defendant Brandon Glen Molitor had the power to hire, fire, suspend, and discipline Plaintiffs.

12. Defendant Brandon Glen Molitor supervised Plaintiffs directly or indirectly.

13. Defendant Brandon Glen Molitor directly or indirectly set and controlled Plaintiffs' work schedule or had the power to do so.

14. Defendant Brandon Glen Molitor directly or indirectly set and determined the rate and method of Plaintiffs' pay or had the power to do so.

15. The District Court of the District of Columbia has made clear that individual employers are liable regardless of corporate shields under the FLSA and the DCWPCL if the employer met the economic reality test for "control." *Ventura v. Bebo Foods, Inc.*, 2738 F. Supp. 2d 1, 5 (DC 2010).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3

4957900_1

16. The economic reality test for "control" considers "whether the putative employer has the power to hire and fire, supervise and control work schedules or conditions of employment, determine rate and method of pay, and maintain employment records." *Id*.

17. Defendant Brandon Glen Molitor would be considered an employer for purposes of individual liability because of his intrinsic involvement in the business.

## FACTS

18. Plaintiffs were employed by Defendants as laborers.

19. Plaintiff Jose Angel Garcia was employed by Defendants from June 27, 2016 through September 14, 2016.

20. Plaintiff Jose Angel Garcia had agreed to a regular hourly rate of $15.00.

21. Plaintiff Jose Angel Garcia worked approximately fifty-five hours per week and was not paid at the overtime rate of one and a half times his regular hourly rate for those hours worked over forty per week.

22. Plaintiff Jose Angel Garcia only received one payment for $1,500.00 from the Defendants.

23. Plaintiff Jose Angel Garcia is owed for several weeks of work.

24. Plaintiff Jose Angel Garcia is owed approximately $7,905.00 in straight time wages and $1,125.00 in overtime wages.

25. Plaintiff Jose Margarito Reyes Flores was employed by Defendants from June 27, 2016 through September 14, 2016.

26. Plaintiff Jose Margarito Reyes Flores had agreed to a regular hourly rate of $15.00.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4

4957900_1

27. Plaintiff Jose Margarito Reyes Flores worked approximately fifty-five hours per week and was not paid at the overtime rate of one and a half times his regular hourly rate for those hours worked over forty per week.

28. Plaintiff Jose Margarito Reyes Flores only received one payment for $1,500.00 from the Defendants.

29. Plaintiff Jose Margarito Reyes Flores is owed for several weeks of work.

30. Plaintiff Jose Margarito Reyes Flores is owed approximately $7,575.00 in straight time wages and $1,125.00 in overtime wages.

31. Plaintiffs are owed wages that Defendants willfully failed and refused to pay to Plaintiffs in violation of D.C. and federal law.

32. By statute, Defendants are required to maintain records which document the number of days Plaintiffs worked. *See* 29 U.S.C. §211(c).

33. The precise number of hours worked, and wages owed, should be revealed through discovery.

34. Defendants knowingly and intentionally violated Plaintiffs' rights under D.C. and federal law.

## COUNT I
### (Violation of the D.C. Wage Payment and Collection Law)

35. Plaintiffs adopt herein by reference paragraphs 1 through 34 above as if fully set forth herein.

36. Defendants were required to pay Plaintiffs overtime wages at the rate of one and a half times their regular hourly rate for all hours worked in excess of forty hours per week.

37. While employed by Defendants, Plaintiffs worked overtime hours that were not properly compensated by Defendants as required by the DCWPCL.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5

4957900_1

38. Plaintiffs are owed several weeks of work.

39. Unpaid wages are due and owing to Plaintiffs by Defendants.

40. Defendants' failure and refusal to comply with their obligations under the DCWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment against Defendants, jointly and severally, in favor of Plaintiffs in an amount to be determined at trial, but not less than $70,920.00 which equals the unpaid wages plus three times the wages owed; and to grant to Plaintiffs their reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper

## COUNT II
## (FLSA)

41. Plaintiffs adopt herein by reference paragraphs 1 through 34 above as if fully set forth herein.

42. Defendants were required to pay Plaintiffs compensation at the rate of one and a half times their regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

43. Throughout the Employment Period, Defendants failed to compensate Plaintiffs at the rate of one and a half times their regular hourly rate for all hours worked in excess of forty hours per week.

44. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

45. Defendants' violation makes them liable to Plaintiffs for all unpaid overtime compensation and an additional equal amount as liquidated damages.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, in their favor in an amount to be determined at trial, but not less than $30,960.00, which is two times the total overtime compensation owed, and to grant to Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the D.C. Minimum Wage Revision Act)

46. Plaintiffs adopt herein by reference paragraphs 1 through 34 above as if fully set forth herein.

47. Defendants were required to pay Plaintiffs one and a half times their regular hourly rate for hours in excess of forty hours per week. *See* D.C. ST §32-1012.

48. Throughout the Employment Period, Defendants failed to properly pay Plaintiffs overtime as required by the DCMWRA.

49. Unpaid wages are due and owing to Plaintiffs by Defendants.

50. Defendants' failure and refusal to comply with their obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, in favor of Plaintiffs in an amount to be determined at trial, but not less than $15,480.00 and to grant to Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

7

4957900_1

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC


By: _____/s/_____
Mary Craine Lombardo (495881)
mlombardo@steinsperling.com

By: _____/s/_____
Eduardo S. Garcia (1028040)
egarcia@steinsperling.com

25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax

*Attorneys for Plaintiffs*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

8

4957900_1